UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT M. VANCE,

                     Plaintiff,

v.                                                          6:18-CV-0736
                                                                (GTS/TWD)

ROBIN HALAQUIST; CRAIG BIONDI; DAVID
McCABE; JEFFREY ALAMASIAN; KIM DODD;
MICHAEL McGEE; MATT THEODORE; RUDY
BARRINGER; JANINE O'HARA; ALICE
GONZALEZ; KATHY OSWALD; and DAN FENTON;

                     Defendants.
_____

APPEARANCES:

ROBERT M. VANCE
  Plaintiff, *Pro Se*
3 West Street
Apartment A, Rear Apartment
Oneonta, New York 13820

GLENN T. SUDDABY, Chief United States District Judge

# **DECISION and ORDER**

      Currently before the Court, in this *pro se* employment civil rights action filed by Robert M. Vance ("Plaintiff") against the twelve above-captioned employees of Plaintiff's former employer ACCO Brands Corp. ("Defendants"), are United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Plaintiff's Complaint be *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 4, 6.) For the reasons set forth below, the Report-Recommendation is accept and adopted, and Plaintiff's Complaint is dismissed with prejudice.

I.  RELEVANT BACKGROUND

   A.  Magistrate Judge Dancks' Report-Recommendation

Generally, in her Report-Recommendation, Magistrate Judge Dancks rendered the following three findings of fact and conclusions of law: (1) to the extent that Plaintiff attempts to bring a claim under Title VII of the Civil Rights Act (given that his Complaint was prepared on a pre-printed form for use in actions brought pursuant to Title VII), his Complaint fails to state a claim under Title VII (given that disability discrimination does not fall within the ambit of Title VII) and, in any event, such a Title VII claim would be barred by the doctrine of res judicata (given the dismissals of his prior two employment civil rights actions); (2) all of the causes of action in Plaintiff's Complaint fail to state a claim upon which relief can be granted because (a) they each are asserted against individuals, (b) they each arise under the Americans with Disabilities Act ("ADA"), and (c) individuals cannot be held personally liable for violations of the ADA; and (3) dismissing Plaintiff's ADA claims merely without prejudice is not required because (a) an opportunity to amend is not required where the problem with the claims is substantive such that better pleading would not cure it, and (b) if Plaintiff amended his claims so as to assert them against the proper defendant (i.e., ACCO Brands Corp.), those claims would be barred as having been already adjudicated in his first two employment civil rights actions. (Dkt. No. 4, at Part VI.)

   B.  Plaintiff's Objections to the Report-Recommendation

Generally, in his Objections, Plaintiff asserts that the Court should not dismiss his Complaint for the following five reasons: (1) he is pursuing this action as a *pro se* litigant and thus his claims must be construed with special liberality; (2) his case is not frivolous and "will

2

not be a waste of the Courts' time"; (3) for years he was subjected to discriminatory actions by the individuals named as defendants in his Complaint; (4) only the Court can provide a remedy for the injustices that Plaintiff endured; and (5) if the Court dismisses his Complaint, it will be "green lighting" Defendants to continue their discriminatory practices in the future. (Dkt. No. 6.)

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the

3

been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that

---

magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

4

portion of the report-recommendation challenged by those arguments to only a *clear error* review.³ Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*⁴

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation. Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation

---

³ *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

⁴ *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

is accepted and adopted in its entirety for the reasons set forth therein, and Plaintiff's Complaint is dismissed. To those reasons, the Court adds only four points.

First, even when construed with the utmost of special solicitude, Plaintiff's Objections contain no specific challenge to a finding of fact or conclusion of law in (or any other portion of) Magistrate Judge Dancks' Report-Recommendation. (*See generally* Dkt. No. 6.) As a result, the Report-Recommendation is subject to only a clear-error review. *See, supra,* Part II of this Decision and Order. In any event, even if the Court were to subject the Report-Recommendation to the more-rigorous review appropriate for specifically challenged Report-Recommendations, the Court would find that the thorough and correct Report-Recommendation survives that review.

Second, Plaintiff is assured that his legal claims have been construed with the utmost of special liberality.

Third, Plaintiff's appeal to the Court that it create or infer a theory of liability not expressly adopted by Congress (e.g., in either Title VII or the ADA) is in vain. *See, e.g., Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 19, (1979) ("[W]here a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it."); *United States v. Standard Oil of Cal.*, 332 U.S. 301, 314 (1947) ("Whatever the merits of the policy, its conversion into law is a proper subject for congressional action, not for any creative power of ours.").

Fourth and finally, Plaintiff is respectfully cautioned that he has now twice attempted to circumvent the preclusive effect of the doctrine of res judicata. Should he again attempt to do so, he will, in all likelihood, be directed to show cause, in writing, why he should not be enjoined

from filing any future pleadings or documents of any kind (including motions) in the Northern District of New York *pro se* without prior permission of the Chief Judge or his or her designee (except pleadings or documents in a case that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed).[5]

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is *sua sponte* **DISMISSED with prejudice.**

Dated: October 17, 2018
   Syracuse, New York

                _____
                Hon. Glenn T. Suddaby
                Chief U.S. District Judge

---

[5] An alternative approach might be to more closely scrutinize the merits of Plaintiff's next a motion to proceed *in forma pauperis*, given that, at the time of his last such motion, his joint monthly income before expenses (disregarding his monthly income of $792 from his part-time summer job) was $2,643.40 (resulting in an annual income, assuming two weeks unpaid vacation, of $32,557), nearly twice the 2018 federal poverty guideline level of $16,460 for a household of two. However, the former approach would appear to more-squarely address the problem posed by Plaintiff's increasing vexatiousness.